Green, J.
delivered the opinion of the court.
This is a motion against the sheriff of Madison county, for a false returá. The court below refused to render judgment against the sheriff, and the plaintiff appealed to this court. The bill of exceptions shows than an execution issued the 18th of February, 1840, in favor of the plaintiff against Richard McRee, Wm. A. Meacham and Joseph Cock for the sum of §2,768 46, returnable the 4th Monday of April, 1849. The sheriff endorsed that said fi.fa. came to his hands the 25th of February, 1840, and on the 23d of March, 1840, was levied on various articles of personal property which were sold, and on the 23d of April, 1840, the sum of §464 47 was paid to the plaintiff’s attorney. Then comes the return complained of, which is as follows: “No further personal property, of either principals or endorsers to be found in my county, and there not being enough to pay the debt and costs in my opinion, I have levied,” &c. A levy on a large amount of real estate is then set out, which was levied on too late for sale before the return of the fi.fa.
At the return term, this motion was made against the sheriff for a false return, and Joseph Cock, one of the defendants in the execution was introduced as a witness to prove that he was owner and had possession of negroes and other property more than sufficient to satisfy saidfi. fa., at the time it came into the hands of the sheriff, and that the said property was always open and subject to levy at his (said Cock’s) house, four miles from Jackson, until the 18th of of March, at which time said Cock took said negroes out of the State; that the sheriff did not come to his house to make a levy until some days after he had removed the negroes.
The plaintiff also proved by the clerk that he delivered the fi.fa. to the sheriff, eleven days previous to the date of the endorsement; that it came into his hands, and that the complainant said he was *388 going over the river for electioneering purposes, and for that r'eásoil he could not attend to it then. The act of 1835, ch. 19, sec. 6* gives a motion against a sheriff for a false return.
We recognize the doctrine contended for by the counsel for the plaintiff in error, that the return must answer' the whole writ. Watson on Shf. 69: 5 Law Lib. 50. But it does not follow that because the return must answer the whole writ, that therefore the return of nulla bona will be false, if it can be shown that the defendant was possessed of goods during any part of the time the sheriff had the writ in his hands. Such a doctrine would be absurd* for it would require the sheriff to perform impossibilities. Many writs of fi.fa. came into the hands of the sheriff on the same day;' the parties to which may live in distant parts of the county. The sheriff must have some time to perform these various duties, and if any one of the defendants place his property beyond the reach of the sheriff before he can make the levy, he may return nulla bona, which will not be a false return. He must use reasonable diligence to execute the writ, and in an action for a false return, it would be for a jury to say under all the circumstances whether he had been guilty of such negligence as to constitute the return of “no property found” a false return. In Watson on the office and duty of sheriff, page 83, (5 L. Lib. 60,) it is said, “If the sheriff make a false return he will be liable to an action, as if he return nulla bona to a writ of fieri facias when he had an opportunity to make a levy.” And in the same book, page 119, (5 Law Lib. 143,) it is said, “If the defendant has no goods in the county into which the writ is directed, or if the sheriff is not informed of any that he has, he should return nulla bona.” Thus according to this authority, to make the return of nulla bona, a false return, the sheriff must be informed that the defendant has goods in the county, and must have an opportunity to make a levy.
" Upon this motion the court must determine the case upon the same principles that ought to govern a jury in an action for the same cause. And we are not prepared to- say that because Cock had negroes unconcealed in four miles of Jackson, that the sheriff was informed of that fact, and had an opportunity to levy on them. The case would have been materially changed had the plaintiff proved that the sheriff lived at Jackson, and knew that the defendant in the execution had these negroes.
2. But it is extremely questionable whether the return in this *389 case could be regarded in legal acceptation as a false return, if it had been proved that the defendant in the execution bad other personal property which had not been levied on, and of which fact the sheriff had no cognizance. By our law the fieri facias issues against the goods and chattels, lands and tenements. The act of assembly which requires the sheriff first “to levy on the goods and chattels, if any there be” (1794, ch. 1, sec. 23,) is directory to him, and is made for the benefit of the defendant in the execution. If he waive the benefit, and wish the land to be first sold, a sale of the land by the sheriff would be valid, though there were no return on theji.fa. of “no goods and chattels found.” The plaintiff in the execution would have no right to dictate to the sheriff whether he should sell the defendant’s land or negroes, and a return of nulla tona would not be necessary to justify him as against the plaintiff in the execution, provided he had made the money by a sale of the defendant’s land.
In this case, the sheriff returns a levy upon a large amount of real estate, sufficient, for ought the court can see, to satisfy the execution. The levy ought to have been made in time to sell the land and make the money before the return of Xhefi. fa., but in not doing this, the sheriff does not make a false return which subjects him to this motion, but may be guilty of negligence, for which he is liable to the plaintiff’s action.
3- But in this case the sheriff made a part of the money, and paid $464 47 to the plaintiff’s attorney. It is laid down in the book heretofore quoted, (Watson on Sher. 204: 5 Law Lib. 147) that “If a sheriff return that he has levied part only of the sum directed to be levied on thefi.fa., the plaintiff by receiving the money which the sheriff returns that he has levied, waives his action against the sheriff for a false return.”
Upon all or either of these grounds, therefore, we think the plaintiff is not entitled to judgment on this motion. Affirm the judgment.